# United States Court of Appeals for the Fifth Circuit

———————

No. 25-60478
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2026

Lyle W. Cayce
Clerk

Jhonathan Steve Gallo-Talavera,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A203 780 949

———————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jhonathan Steve Gallo-Talavera, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying his application for, inter alia, asylum and withholding of removal and ordering him removed. This court reviews the BIA's decision and considers the IJ's

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence, and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

First, Gallo-Talavera argues that the BIA erred by ignoring his age at the time of the incidents underlying his persecution claim. Review of the record shows that the BIA acknowledged this factor and gave it due consideration. *See Aben v. Garland*, 113 F.4th 457, 465-66 (5th Cir. 2024). His corroboration argument is misplaced because the BIA's declining to adopt the IJ's conclusion on this issue means this conclusion is not before this court. *See Singh*, 880 F.3d at 224. Finally, his claim that his due process rights were infringed because the IJ shirked her duty to develop the record fails both because review of the hearing transcript shows that she fulfilled this duty and because he does not explain how the outcome of the proceeding would have been different but for this alleged error. *See Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020). The petition for review is DENIED.